## JONES v. STATE.*

(Division A.   March 12, 1928.)

[116 So. 90.   No. 27003.]

HOMICIDE.   *Dying declaration held competent as made under sense of impending death occurring eighteen or twenty hours later.*

In view of deceased's preceding statement that he was going to die, that he would not live to get out of the hospital, his declaration, though made eighteen or twenty hours before his death, which was on the second day after he was shot, *held* competent as a dying declaration, as having been made under the sense of impending death.

---

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 257, n. 35. As to admissibility of dying declarations made under sense of impending death, see annotation in 56 L. R. A. 393; 1 R. C. L. 539; 1 R. C. L. Supp. 190; 6 R. C. L. Supp. 24.

APPEAL from circuit court of Jones county, First district.

HON. W. L. CRANFORD, Judge.

Ben Jones was convicted of manslaughter, and he appeals. Affirmed.

*Henry L. Finch,* for appellant.

The court erred in admitting over the appellant's objection the alleged dying declaration, as testified to by the

witness Patrick.  The predicate for it was not sufficient. Altho, according to witness Patrick's statement, the deceased said, just prior to the giving of the alleged dying statement, that he was going to die, that he would not live to get out of the hospital, still that is entirely insufficient to establish the fact that he was at that time, conscious of immediate, pending dissolution; and especially in view of the fact that the first words he uttered to the witness Patrick, in answer to the witness' inquiry as to how he felt, was that he was feeling pretty well; taking both the statements together, and construing them with care and caution, as testimony of this kind should be considered and construed, it seems to us that the condition of deceased's mind was not such as to render the statements made by him admissible.  It is not enough that deceased might have believed he would die, or that he believed he would not live to get out of the hospital. Only statements made with the decedent conscious of immediate pending dissolution, are admissible as dying declarations.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Counsel insists that the court was in error in permitting the state's witnesses to testify to the dying declaration made by the deceased.  Their objections seem to be that the dying declaration was not made under a sense of immediate and impending dissolution.  The court heard, in the absence of the jury, testimony as to the admissibility of the dying declaration and after having made this preliminary examination held that the evidence was competent, and that the declaration was made under a sense of immediate and impending death. The deceased, while in the hospital in the town of Laurel, made the statement that he was going to die and that he would not live to get out of the hospital.  After making

that statement he then detailed the circumstances surrounding the fatal difficulty. His death occurred about eighteen or twenty hours after the making of this declaration. This certainly is sufficient to show that the statement of the deceased was made at a time when he realized his condition, and at a time when the statement was clothed with the sanctity of impending death. *Bell* v. *State,* 72 Miss. 507, 17 So. 232; *Ely* v. *State,* 128 Miss. 715, 91 So. 417; *McLeod* v. *State,* 130 Miss. 83, 93 So. 928; *Jones* v. *State,* 130 Miss. 703, 94 So. 851; *Woulard* v. *State,* 137 Miss. 808, 102 So. 781; *Crawford* v. *State,* 144 Miss. 793, 110 So. 517; *Magee* v. *State,* 145 Miss. 227, 110 So. 500.

McGowen, J. Ben Jones, appellant, was indicted on a charge of murder, tried at the August, 1927, term of the court, convicted of manslaughter, and sentenced by the court to serve a term of ten years in the state penitentiary.

The facts in this case were at issue between the state and the defendant, and the testimony for the state, if believed, warranted the jury in convicting the defendant of murder.

The main objection urged by the appellant for a reversal of this case is that the court erred in admitting the dying declaration of the deceased, because the statement was not made under a sense of impending death. The court heard the testimony of the dying declaration, on preliminary examination, and held that the declaration was made under a sense of immediate and impending death.

The shooting occurred on Sunday, and the deceased died on Tuesday, in a hospital at Laurel, where he had been carried immediately after he was shot by the defendant. He died eighteen or twenty hours after making the declaration. The state of his mind is reflected in the statement made by him that he was "going to die;" that he would "not live to get out of the hospital." The

statement was damaging to the defendant, making a case of murder. When the witness testifying to the declaration entered the room, he asked the deceased how he felt, and he answered that he felt pretty well. Afterwards, the statement as to his impending dissolution, quoted above, was made, and then followed the declaration. We do not think there is any reason to believe that the deceased had any hope of getting well.

The proof showed that the defendant fired upon the deceased with a .38-caliber Smith & Wesson pistol, striking him in the muscle of the forearm, and that the bullet ranged into the body, straight under the arm into the chest. The dying declaration was competent as having been made under the sense of impending death. *Bell* v. *State,* 72 Miss. 507, 17 So. 232; *Ealy* v. *State,* 128 Miss. 715, 91 So. 417; *McLeod* v. *State,* 130 Miss. 83, 92 So. 828; *Jones* v. *State,* 130 Miss. 703, 94 So. 851; *Woulard* v. *State,* 137 Miss. 808, 102 So. 781; *Crawford* v. *State,* 144 Miss. 793, 110 So. 517; *Magee* v. *State,* 145 Miss. 227, 110 So. 500.

There is no merit in any of the other objections urged.
*Affirmed.*